1 | CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
2 | Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
3 | Dennis Price, SBN 279082
Mail: PO Box 262490
4 | San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
5 | San Diego, CA 92131
Tel: (858) 375-7385; Fax:(888) 422-5191
6 | phylg@potterhandy.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| **Antonio Fernandez**, | Case No. |
|---|---|
| Plaintiff, | **Complaint for Injunctive Relief and Damages** for Violation of: |
| v. | |
| **County of Los Angeles;** and Does 1-10, Inclusive, | 49. Title II of the American's With Disabilities Act, 42 U.S.C. §12131 et seq.; |
| Defendants. | 50. Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq,; and |
| | 51. California's Disabled Persons Act, Cal. Civ. Code § 54 et seq. |

Plaintiff Antonio Fernandez ("Plaintiff") complains of Defendants County of Los Angeles ("County") and Does 1-10, Inclusive ("Defendants") and alleges as follows:

1

Complaint

**INTRODUCTION**

1.      Plaintiff Antonio Fernandez, an individual with physical disabilities who uses a wheelchair for mobility, brings the instant action alleging that Defendant County of Los Angeles and Does 1-10, inclusive, have discriminated against him on the basis of his disability in violation of federal and state anti-discrimination statutes.

2.      Specifically, Plaintiff alleges that Defendants have failed and/or refused to properly construct, alter, and/or maintain the public facilities at the Peck Road Water Conservation Park ("Park"), such that the facilities are inaccessible to, and unusable by him as a person with physical disabilities.

3.      As a result of Defendants' failure to ensure the accessibility of the public facilities at the Park, Plaintiff has been, and will continue to be, denied full and equal access to Defendants' programs, services, and activities, all to his damage.

4.      Through this lawsuit, Plaintiff seeks an injunction requiring Defendants to provide him "full and equal" access to the public facilities at the Park as required by law. Plaintiff also seeks damages and reasonable attorneys' fees, costs, and litigation expenses for enforcing his civil rights.

**PARTIES**

5.      Plaintiff Antonio Fernandez is, and at all times relevant herein was, an individual and resident of the State of California.

6.      Defendant County of Los Angeles is, and at all times relevant herein was, a political subdivision of the State of California.

7.      Plaintiff is currently unaware of the true identities of DOES 1-10, inclusive, and will seek leave to amend his Complaint when their true names, capacities, connections, and responsibilities are ascertained.

2

Complaint

8.      Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

## JURISDICTION & VENUE

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

10.     Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same transactions and nucleus of operative fact are brought under California's Unruh Civil Rights Act ("Unruh Act") and Disabled Persons Act ("CDPA"), both of which expressly incorporate the ADA.  Cal. Civ. Code §§ 51(f), 54(c) and 54.1(d).

11.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

Complaint

**FACTUAL ALLEGATIONS**

12.     Peck Road Water Conservation Park (hereinafter "the Park") is a five-acre public park located at 5401 N. Peck Road in the City of Arcadia.

13.     The Park offers amenities including barbecues; basketball and volleyball courts; hiking trails; horseshoe pits; lakes; mountain biking trails; picnic tables; and mountain biking and cycling.

14.     The Park and its related public facilities are owned, operated, and/or maintained by Defendant County of Los Angeles.

15.     Plaintiff is an individual with physical impairments resulting from a bone infection that substantially limit his mobility.

16.     Plaintiff is unable to stand or walk due and uses a wheelchair for mobility.

17.     In order for Plaintiff to have equal access to and use of the public facilities at the Park, those facilities must be configured to accommodate wheelchair users.

18.     Plaintiff enjoys fishing and spending time outdoors.

19.     On occasions including June 1, 2018 and October 16, 2018, Plaintiff has visited the Park to fish, picnic, and relax.

20.     During his visits to the Park, including the visits on June 1, 2018 and October 16, 2018, Plaintiff personally encountered barriers that prevented him from having full and equal access to the Park, that caused him difficulty, discomfort, frustration and embarrassment, and that have deterred him from visiting the Park on other occasions.

21.     The barriers encountered by Plaintiff at the Park have included:

      a. No accessible way for someone using a wheelchair like Plaintiff to reach the water and fish like other patrons. There is no accessible paved path or water-adjacent landing, and the soft ground and steep grade preclude a

4

Complaint

1  wheelchair user like Plaintiff from getting anywhere near
2  the water.

3       b.  Additionally, although there are a couple of accessible
4          picnic tables provided at the Park (meaning, picnic tables
5          on an accessible route from the main walkway), these
6          tables are not dispersed, and are all located a long distance
7          from the parking lot.

8       c.  The grassy picnic area directly adjacent to the parking lot
9          includes approximately five picnic tables, none of which
10          are on an accessible route. In order to picnic in this area,
11          Plaintiff and others who use wheelchairs have to risk
12          injury and navigate unleveled ground.

13      22.   On information and belief, the above-listed barriers still exist at
14  the Park.

15      23.   Due to the above-listed barriers at the Park, Plaintiff was and is
16  unable to fish and enjoy the public facilities at the Park. The experience has
17  caused him difficulty, distress, embarrassment, and frustration.

18      24.   Plaintiff plans to return to the Park to fish, picnic, and relax but
19  is prevented and deterred from doing so due to the above-mentioned barriers
20  which are ongoing and continuous.

21      25.   On information and belief, the facilities at the Park have
22  undergone construction and/or alteration since January 1, 1982, triggering
23  applicability of California accessibility standards, California Code of
24  Regulations, Title 24. Plaintiff is informed and believes, and on that basis
25  alleges that Defendants have failed to comply with these standards.

26      26.   On information and belief, the facilities at the Park have
27  undergone construction and/or alterations since January 26, 1992 triggering
28  applicability of ADA Standards for Accessible Design (ADA Standards), 28

Complaint

1  C.F.R. pt. 36, app. D. Plaintiff is informed and believes, and on that basis

2  alleges that Defendants have failed to comply with these standards.

3       27.   On information and belief, there are other access exclude and

4  deter Plaintiff and others similarly situated individuals from enjoying full and

5  equal access to the Park. The extent of these additional barriers will be made

6  known after a full inspection of Defendants' facilities, and if necessary,

7  reflected in an amendment of Plaintiff's Complaint.

8       28.   Plaintiff plans to visit the Park in the future and would like to do

9  so independently, without encountering the above-described accessibility

10  barriers.

11       29.   Until the barriers to accessibility that exist at the Park are

12  removed and Defendants' unlawful and discriminatory policies and practices

13  regarding the alteration and/or maintenance of the public facilities at the Park

14  are modified, Plaintiff will continue to be denied full and equal access to and

15  use of the Park and will suffer ongoing discrimination and damages as a result.

16       30.   The nature of Defendants' discrimination constitutes a

17  continuing violation, and unless enjoined by this Court, will result in ongoing

18  and irreparable injury to Plaintiff.

19       31.   Plaintiff has no adequate remedy at law because monetary

20  damages, which may compensate for past unlawful conduct will not afford

21  adequate relief for the harm caused by the continuation of the wrongful

22  conduct of Defendants and the denial of his civil rights as herein alleged.

23  Accordingly, Plaintiff is entitled to injunctive relief.

24

25

26

27

28

Complaint

## GOVERNMENT CLAIM

*(With regard to claims for damages under California State Law)*

32.     Plaintiff timely filed a claim pursuant to § 910 et seq. of the California Government Code with the County on or about November 12, 2018.

33.     Plaintiff's government claim was rejected by the County on December 28, 2018.

## FIRST CAUSE OF ACTION

### Title II of the Americans with Disabilities Act

### 42 U.S.C. § 12131 et seq.

34.     Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

35.     Title II of the Americans with Disabilities Act ("ADA") provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

36.     Plaintiff is, and at all times relevant herein was, a person with a "disability" within the meaning of the ADA. 42 U.S.C. § 12102.

37.     Defendants are public entities as defined by the laws of the State of California and have fifty (50) or more employees.

38.     Defendants are, and at all times relevant herein were, public entities within the meaning of Title II of the ADA. 42 U.S.C. § 12131(1).

39.     The Park is a program, service, and/or activity of the Defendants.

40.     Plaintiff is, and at all times relevant herein was, a "qualified individual with a disability" within the meaning of Title II of the ADA. 42

Complaint

1  U.S.C. § 12131(2). As a member of the public, Plaintiff meets the essential

2  eligibility requirements for the use of the public facilities of the Park.

3     41.    Defendants' acts and omissions as herein alleged have excluded

4  and/or denied Plaintiff the benefit and use of the public facilities at the Park,

5  in violation of Title II and its implementing regulations. The Defendants'

6  discriminatory conduct includes, inter alia:

7          a.  Failing to operate the Park's public facilities so that they

8              are "readily accessible to and usable by individuals with

9              disabilities" (28 C.F.R. § 35.150(a));

10         b.  Failing to design, construct, and/or alter the public

11             facilities at the Park in a manner such that they are readily

12             accessible to and usable by individuals with disabilities,

13             when the construction/alteration was commenced after

14             January 26, 1992 (28 C.F.R. § 35.151);

15         c.  Denying Plaintiff the opportunity to participate in or

16             benefit from the aids, benefits, or services offered by

17             Defendants to members of the public, on the basis of his

18             disabilities (28 C.F.R. § 35.130(b)(1)(i));

19         d.  Affording Plaintiff an opportunity to participate in or

20             benefit from the aids, benefits, or services offered by

21             Defendants to members of the public that is not equal to

22             that afforded his non-disabled peers (28 C.F.R. §

23             35.130(b)(1)(ii));

24         e.  Otherwise limiting Plaintiff in the enjoyment of any right,

25             privilege, advantage, or opportunity enjoyed by others

26             receiving the aids, benefits, or services offered by

27             Defendants to members of the public (28 C.F.R. §

28             35.130(b)(1)(vii));

Complaint

f. Utilizing methods of administration that have the effect of subjecting Plaintiff to discrimination on the basis of his disability (28 C.F.R. § 35.130(b)(3)(i)); and

g. Failing to make reasonable modifications in policies, practices, or procedures where necessary to avoid discrimination against Plaintiff on the basis of his disability (28 C.F.R. § 35.130(b)(7)).

42.    Under Title II of the ADA Defendants were required to conduct a self-evaluation of its services, policies, and practices, and the effects thereof, by no later than January 26, 1993. 28 C.F.R. § 35.105(a). On information and belief, as of the date of the filing of this Complaint, Defendants have failed to conduct a self-evaluation of its policies and facilities at the Park.

43.    Under Title II of the ADA Defendants were required to develop a transition plan setting forth the steps necessary to complete the structural changes necessary to achieve program accessibility of the programs at the Park within six months of January 26, 1992. 28 C.F.R. § 35.150(d)(1). On information and belief, as of the date of the filing of this Complaint, Defendants have failed to develop a transition plan setting forth the steps necessary to complete the structural changes necessary to achieve program accessibility of the Park.

44.    Under Title II of the ADA Defendants were required to remove physical barriers that limit or deny people with disabilities access to its programs, services and activities by no later than January 26, 1995. 28 C.F.R. § 35.150(c). On information and belief, Defendants have failed, since the ADA was enacted and every year thereafter, to take appropriate measures to remove barriers to the public facilities at the Park.

45.    Defendants' duties under Title II of the ADA pertaining to the accessibility of the Park are mandatory and long-established. Defendants had

Complaint

1    knowledge of their duties at all times relevant herein; their failure to carry out

2    said duties as alleged herein was a willful and knowing decision and choice,

3    and/or the product of deliberate indifference.

4         46.    Defendants were provided actual notice of the barriers at the

5    Park; the impact those barriers have on Plaintiff; and their duty to remove such

6    barriers under Title II of the ADA. Despite this knowledge, Defendants failed

7    and refused to take any steps to remove the barriers or otherwise address

8    Plaintiff's concerns. Defendants' failures in this regard constitute deliberate

9    indifference.

10        47.    Defendants' duties under Title II are mandatory and long-

11   established. Defendants are deemed to have had knowledge of their duties at

12   all times relevant herein; their failure to carry out said duties as alleged herein

13   was willful and knowing and/or the product of deliberate indifference.

14        48.    Pursuant to 42 U.S.C. §§ 12133 and 12205, Plaintiff prays for

15   judgment as set forth below.

16

17   **SECOND CAUSE OF ACTION**

18   **California Disabled Persons Act**

19   **California Civil Code § 54**

20   (***Statutory damages and attorneys' fees only***)

21        49.    Plaintiff re-pleads and incorporates by reference the allegations

22   contained in each of the foregoing paragraphs.

23        50.    The Disabled Persons Act ("CDPA") provides that "[i]ndividuals

24   with disabilities or medical conditions have the same right as the general

25   public to the full and free use of the streets, highways, sidewalks, walkways,

26   public buildings, medical facilities, including hospitals, clinics, and

27   physicians' offices, public facilities, and other public places." Cal. Civ. Code

28   § 54(a).

Complaint

51.　　The CDPA also provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, … and privileges of all … places of public accommodation, amusement, or resort, and other places to which the general public is invited."

52.　　A violation of the ADA constitutes a violation of the CDPA. Cal. Civ. Code §§ 54(c) and 54.1(d).

53.　　Defendants' acts and omissions, described herein, violate the rights of Plaintiff under the CDPA.  Among other things, Defendants failed to ensure that those of its public facilities constructed or altered after December 1981 conformed to the standards contained in California Code of Regulations, Title 24.

54.　　Defendants have also violated the CDPA by violating the ADA.

55.　　Defendants' duties under the CDPA are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged, was willful and knowing and/or the product of deliberate indifference.

56.　　Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees under Cal. Civ. Code § 54.3(a).

**PRAYER**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue an injunction pursuant to the ADA and the Unruh Act ordering Defendants to:

   a. Take the steps necessary to bring the public facilities at the Park into compliance with applicable federal and state accessibility

11

Complaint

standards and make them fully and equally available to individuals with mobility disabilities; and

    b. Modify their policies to ensure compliance with new construction and alteration standards and program accessibility obligations at the Park moving forward.

*Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act.*

2. Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this court;

3. Award Plaintiff attorneys' fees, litigation expenses, and costs of suit, as provided by law; and

4. Award such other and further relief as the Court deems just and proper.

Dated: February 13, 2019    CENTER FOR DISABILITY ACCESS

By:_____
    Chris Carson, Esq.
    Attorneys for Plaintiff

12

Complaint