CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
Tel: (858) 375-7385; Fax:(888) 422-5191
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Antonio Fernandez**, <br><br> Plaintiff, <br><br> v. <br><br> **County of Los Angeles;** and Does 1-10, Inclusive, <br><br> Defendants. | Case No. 2:19-cv-01077-GW-KS <br><br> **FIRST AMENDED COMPLAINT for Injunctive Relief and Damages** for Violation of: <br><br> 1. Title II of the American's With Disabilities Act, 42 U.S.C. §12131 et seq.; and <br> 2. California's Disabled Persons Act, Cal. Civ. Code § 54 et seq. |

Plaintiff Antonio Fernandez ("Plaintiff") complains of Defendants County of Los Angeles ("County") and Does 1-10, Inclusive ("Defendants") and alleges as follows:

## INTRODUCTION

1. Plaintiff Antonio Fernandez, an individual with physical disabilities who uses a wheelchair for mobility, brings the instant action alleging that Defendant County of Los Angeles and Does 1-10, inclusive, have discriminated against him on the basis of his disability in violation of federal and state anti-discrimination statutes.

2. Specifically, Plaintiff alleges that Defendants have failed and/or refused to properly construct, alter, and/or maintain the public facilities at the Peck Road Water Conservation Park ("Park"), such that the facilities are inaccessible to, and unusable by him as a person with physical disabilities.

3. As a result of Defendants' failure to ensure the accessibility of the public facilities at the Park, Plaintiff has been, and will continue to be, denied full and equal access to Defendants' programs, services, and activities, all to his damage.

4. Through this lawsuit, Plaintiff seeks an injunction requiring Defendants to provide him "full and equal" access to the public facilities at the Park as required by law. Plaintiff also seeks damages and reasonable attorneys' fees, costs, and litigation expenses for enforcing his civil rights.

## PARTIES

5. Plaintiff Antonio Fernandez is, and at all times relevant herein was, an individual and resident of the State of California.

6. Defendant County of Los Angeles is, and at all times relevant herein was, a political subdivision of the State of California.

7. Plaintiff is currently unaware of the true identities of DOES 1-10, inclusive, and will seek leave to amend his Complaint when their true names, capacities, connections, and responsibilities are ascertained.

8. Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

**JURISDICTION & VENUE**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

10. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same transactions and nucleus of operative fact are brought under California's Unruh Civil Rights Act ("Unruh Act") and Disabled Persons Act ("CDPA"), both of which expressly incorporate the ADA. Cal. Civ. Code §§ 51(f), 54(c) and 54.1(d).

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

# FACTUAL ALLEGATIONS

12. Peck Road Water Conservation Park (hereinafter "the Park") is a five-acre public park located at 5401 N. Peck Road in the City of Arcadia.

13. The Park offers amenities including barbecues; hiking trails; horseshoe pits; lakes; mountain biking trails; picnic tables; and mountain biking and cycling.

14. The Park and its related public facilities are owned, operated, and/or maintained by Defendant County of Los Angeles.

15. Plaintiff is an individual with physical impairments resulting from a bone infection that substantially limit his mobility.

16. Plaintiff is unable to stand or walk due and uses a wheelchair for mobility.

17. In order for Plaintiff to have equal access to and use of the public facilities at the Park, those facilities must be configured to accommodate wheelchair users.

18. Plaintiff enjoys fishing, observing wildlife, picnicking/barbequing and spending time outdoors.

19. On occasions including June 1, 2018 and October 16, 2018, Plaintiff visited the Park to fish, observe wildlife, picnic and relax.

20. During his visits to the Park, including the visits on June 1, 2018 and October 16, 2018, Plaintiff personally encountered barriers that prevented him from having full and equal access to the Park, that caused him difficulty, discomfort, frustration and embarrassment, and that have deterred him from visiting the Park on other occasions. These barriers are detailed below.

21. There is no water-adjacent landing or accessible path of travel leading to the edge of the water in any location, accordingly, it is impossible for people with disabilities who use wheelchairs like Plaintiff to get close to the water to fish and observe wildlife like other patrons. The soft ground and

FIRST AMENDED COMPLAINT

steep grades preclude a wheelchair user like Plaintiff from getting anywhere near the water.

22. There are an insufficient number of accessible picnicking/barbequing areas. Specific problems include:

a. There are approximately 6 picnic tables near the parking area which seat 48 people. Five-percent of the spaces must be accessible and dispersed thru-out the area; this would translate to 3 accessible tables dispersed in this area. Unfortunately, there is only one picnic table in this area that is on an accessible path of travel.

b. There are a number of other picnic tables dispersed thru-out the Park. There are four picnic areas along the northern paved path of travel. Three are located on concrete and one is located on decomposed granite. The latter picnic area is not well maintained and is therefore neither firm nor stable. Additionally, there is a non-compliant height differential – exceeding 1/2" - between the main concrete walkway and the decomposed granite leading to the table.

c. Three of the trash cans are not located along the path of travel at each of these 4 areas.

d. Two of the barbecues are not located on an accessible path of travel and do not have a clear floor space in front.

e. On the southern side there are 2 more picnic tables and neither are on an accessible path of travel. The main walkway is gravel which is not firm or stable. One picnic table is located on a concrete pad but there is no accessible path of travel leading to it. The other picnic table is on

decomposed granite which has weeds and is neither longer firm nor stable.

  f. To the north of the northern paved path of travel are 2 more picnic tables. While both are located on a concrete pad, the path of travel connecting to them is dirt and neither firm nor stable.

23. The paths of travel around the Park are largely inaccessible:

  a. The path of travel from the parking on the north is paved. However, at one point where it turns south on the western portion it turns to gravel and is not accessible.

  b. There is another non-paved walkway further to the north which consists of dirt and is neither firm nor stable.

24. On June 13, 2019, Plaintiff's expert conducted a site inspection of the facilities at the Park. In the expert's June 30, 2019 report, the above-listed barriers were confirmed. Plaintiff's expert also identified the following barriers in that report:

  a. The informational signage regarding wildlife that is posted off of the gravel path on the south side of the Park does not comply with standards in terms of contrast, location or height above the ground. Nor has the signage been maintained, rendering it ineligible.

  b. Striping for the designated accessible parking space on the east side of the Park is missing the border at the head; blue diagonals on black asphalt do not contrast;

  c. The transition from asphalt to concrete between the designated accessible parking space and walkway on the east side of the Park is not maintained. Weeds are growing;

there is a larger than 1/2" opening; there is a greater than 1/4" vertical.

    d. The two drinking fountains on the east side of the Park do not have sufficient water pressure to ensure a 4" minimum water flow height.

25. On information and belief, the above-listed barriers still exist at the Park.

26. Due to the above-listed barriers, Plaintiff was and is unable to fish, observe wildlife, picnic, barbeque or enjoy the public facilities at the Park like patrons without disabilities. This, in turn, has caused Plaintiff difficulty, distress, embarrassment, and frustration.

27. Plaintiff plans to return to the Park to fish, picnic, and relax but is prevented and deterred from doing so due to the above-mentioned barriers which are ongoing and continuous.

28. On information and belief, the facilities at the Park have undergone construction and/or alteration since January 1, 1982, triggering applicability of California accessibility standards, California Code of Regulations, Title 24. Plaintiff is informed and believes, and on that basis alleges that Defendants have failed to comply with these standards.

29. On information and belief, the facilities at the Park have undergone construction and/or alterations since January 26, 1992 triggering applicability of ADA Standards for Accessible Design (ADA Standards), 28 C.F.R. pt. 36, app. D. Plaintiff is informed and believes, and on that basis alleges that Defendants have failed to comply with these standards.

30. Plaintiff plans to visit the Park in the future and would like to do so independently, without encountering the above-described accessibility barriers.

31. Until the barriers to accessibility that exist at the Park are removed and Defendants' unlawful and discriminatory policies and practices regarding the alteration and/or maintenance of the public facilities at the Park are modified, Plaintiff will continue to be denied full and equal access to and use of the Park and will suffer ongoing discrimination and damages as a result.

32. The nature of Defendants' discrimination constitutes a continuing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff.

33. Plaintiff has no adequate remedy at law because monetary damages, which may compensate for past unlawful conduct will not afford adequate relief for the harm caused by the continuation of the wrongful conduct of Defendants and the denial of his civil rights as herein alleged. Accordingly, Plaintiff is entitled to injunctive relief.

## GOVERNMENT CLAIM
*(With regard to claims for damages under California State Law)*

34. Plaintiff timely filed a claim pursuant to § 910 et seq. of the California Government Code with the County on or about November 12, 2018.

35. Plaintiff's government claim was rejected by the County on December 28, 2018.

## FIRST CAUSE OF ACTION
### Title II of the Americans with Disabilities Act
### 42 U.S.C. § 12131 et seq.

36. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

37. Title II of the Americans with Disabilities Act ("ADA") provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

38. Plaintiff is, and at all times relevant herein was, a person with a "disability" within the meaning of the ADA. 42 U.S.C. § 12102.

39. Defendants are public entities as defined by the laws of the State of California and have fifty (50) or more employees.

40. Defendants are, and at all times relevant herein were, public entities within the meaning of Title II of the ADA. 42 U.S.C. § 12131(1).

41. The Park is a program, service, and/or activity of the Defendants.

42. Plaintiff is, and at all times relevant herein was, a "qualified individual with a disability" within the meaning of Title II of the ADA. 42 U.S.C. § 12131(2). As a member of the public, Plaintiff meets the essential eligibility requirements for the use of the public facilities of the Park.

43. Defendants' acts and omissions as herein alleged have excluded and/or denied Plaintiff the benefit and use of the public facilities at the Park, in violation of Title II and its implementing regulations. The Defendants' discriminatory conduct includes, inter alia:

    a. Failing to operate the Park's public facilities so that they are "readily accessible to and usable by individuals with disabilities" (28 C.F.R. § 35.150(a));

    b. Failing to design, construct, and/or alter the public facilities at the Park in a manner such that they are readily accessible to and usable by individuals with disabilities, when the construction/alteration was commenced after January 26, 1992 (28 C.F.R. § 35.151);

    c. Denying Plaintiff the opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to members of the public, on the basis of his disabilities (28 C.F.R. § 35.130(b)(1)(i));

    d. Affording Plaintiff an opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to members of the public that is not equal to that afforded his non-disabled peers (28 C.F.R. § 35.130(b)(1)(ii));

    e. Otherwise limiting Plaintiff in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aids, benefits, or services offered by Defendants to members of the public (28 C.F.R. § 35.130(b)(1)(vii));

    f. Utilizing methods of administration that have the effect of subjecting Plaintiff to discrimination on the basis of his disability (28 C.F.R. § 35.130(b)(3)(i)); and

    g. Failing to make reasonable modifications in policies, practices, or procedures where necessary to avoid discrimination against Plaintiff on the basis of his disability (28 C.F.R. § 35.130(b)(7)).

44. Under Title II of the ADA Defendants were required to conduct a self-evaluation of its services, policies, and practices, and the effects thereof, by no later than January 26, 1993. 28 C.F.R. § 35.105(a). On information and belief, as of the date of the filing of this Complaint, Defendants have failed to conduct a self-evaluation of its policies and facilities at the Park.

2

FIRST AMENDED COMPLAINT

45.     Under Title II of the ADA Defendants were required to develop a transition plan setting forth the steps necessary to complete the structural changes necessary to achieve program accessibility of the programs at the Park within six months of January 26, 1992. 28 C.F.R. § 35.150(d)(1). On information and belief, as of the date of the filing of this Complaint, Defendants have failed to develop a transition plan setting forth the steps necessary to complete the structural changes necessary to achieve program accessibility of the Park.

46.     Under Title II of the ADA Defendants were required to remove physical barriers that limit or deny people with disabilities access to its programs, services and activities by no later than January 26, 1995. 28 C.F.R. § 35.150(c). On information and belief, Defendants have failed, since the ADA was enacted and every year thereafter, to take appropriate measures to remove barriers to the public facilities at the Park.

47.     Defendants' duties under Title II of the ADA pertaining to the accessibility of the Park are mandatory and long-established. Defendants had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was a willful and knowing decision and choice, and/or the product of deliberate indifference.

48.     Defendants were provided actual notice of the barriers at the Park; the impact those barriers have on Plaintiff; and their duty to remove such barriers under Title II of the ADA. Despite this knowledge, Defendants failed and refused to take any steps to remove the barriers or otherwise address Plaintiff's concerns. Defendants' failures in this regard constitute deliberate indifference.

FIRST AMENDED COMPLAINT

49. Defendants' duties under Title II are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference.

50. Pursuant to 42 U.S.C. §§ 12133 and 12205, Plaintiff prays for judgment as set forth below.

### SECOND CAUSE OF ACTION
### California Disabled Persons Act
### California Civil Code § 54
(*__Statutory damages and attorneys' fees only__*)

51. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

52. The Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places." Cal. Civ. Code § 54(a).

53. The CDPA also provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, … and privileges of all … places of public accommodation, amusement, or resort, and other places to which the general public is invited."

3. A violation of the ADA constitutes a violation of the CDPA. Cal. Civ. Code §§ 54(c) and 54.1(d).

4. Defendants' acts and omissions, described herein, violate the rights of Plaintiff under the CDPA. Among other things, Defendants failed to ensure that those of its public facilities constructed or altered after December 1981 conformed to the standards contained in California Code of Regulations, Title 24.

5. Defendants have also violated the CDPA by violating the ADA.

6. Defendants' duties under the CDPA are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged, was willful and knowing and/or the product of deliberate indifference.

7. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees under Cal. Civ. Code § 54.3(a).

## PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue an injunction pursuant to the ADA and the Unruh Act ordering Defendants to:
   a. Take the steps necessary to bring the public facilities at the Park into compliance with applicable federal and state accessibility standards and make them fully and equally available to individuals with mobility disabilities; and
   b. Modify their policies to ensure compliance with new construction and alteration standards and program accessibility obligations at the Park moving forward.

   *Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act.*

2. Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this court;
3. Award Plaintiff attorneys' fees, litigation expenses, and costs of suit, as provided by law; and
4. Award such other and further relief as the Court deems just and proper.

Dated: July 15, 2019          CENTER FOR DISABILITY ACCES

By: /s/ Elliott Montgomery
Elliott Montgomery, Esq.
Attorneys for Plaintiff